UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03764-JPH-TAB |
| ) | |
| GREGGORY NOLL, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff John Naylor alleges that the defendants, Greggory Noll and Wexford Health Care Services, Inc. (Wexford of Indiana, LLC or Wexford), were deliberately indifferent to his receded gums and nerve pain in his mouth when they failed to make soft-bristle toothbrushes available to him despite Dr. Noll's conclusion that he should be using such a brush. Before the Court is the defendants' motion for summary judgment. Dkt. 26. Mr. Naylor has not opposed the motion. For the reasons explained in this Order, the Court grants the defendants' motion for summary judgment.

**I.
Summary Judgment Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that

party's favor. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The consequence of Mr. Naylor's failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II.
## Factual Background

The following facts, unopposed by Mr. Naylor and supported by admissible evidence, are accepted as true. At all times relevant to this action, Mr. Naylor was housed at Pendleton

Correctional Facility (Pendleton). Defendant Noll is a dentist employed by defendant Wexford, the contractor which employs health care providers for inmates at Pendleton.

Mr. Naylor's dental records indicate that on April 9, 2018, Dr. Noll met with him after he submitted healthcare request form # 244105. Mr. Naylor requested a dental cleaning. Dr. Noll's exam revealed no cavities or decay. Mr. Naylor exhibited good oral hygiene. Dkt. 28-2. During this appointment, Dr. Noll recommended that Mr. Naylor be scheduled for a regular cleaning and also advised him to purchase Fresh Mint Sensitive toothpaste from the commissary to use on a daily basis due to his slight root exposure. *Id.*; dkt. 28-1.

On May 22, 2018, Dr. Noll completed a general cleaning of Mr. Naylor's teeth, including a scale of the teeth and a general polish. During the appointment, Dr. Noll observed light plaque and/or a calculus build-up but did not observe or note any serious dental concerns. He instructed Mr. Naylor to continue with his daily oral hygiene routine. Dkt. 28-1; dkt. 28-2.

Dr. Noll does not recall ever recommending that Mr. Naylor obtain a soft-bristled toothbrush. If Dr. Noll had made that specific recommendation, he would have documented that information in Mr. Naylor's records. There are no notes to indicate that Dr. Noll ever recommended a soft-bristled toothbrush to Mr. Naylor. Dkt. 28-2. Dr. Noll's treatment recommendations for Mr. Naylor were based upon Dr. Noll's medical training and judgment.

Mr. Naylor testified during his deposition that Dr. Noll failed to provide a soft-bristled toothbrush for his sensitive teeth and failed to provide a mouth guard for his TMJ. Dkt. 28-3 at 16, 36. Mr. Naylor testified that he suffered headaches and loss of sleep due to pain. *Id*. at 14.

Mr. Naylor did not submit healthcare request forms asking to be seen for headaches, pain, or any other issues caused by the alleged lack of adequate dental care. *Id.* at 20, 40.

## III.
## Discussion

At all times relevant to Mr. Naylor's claim, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). "A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

The defendants do not dispute that an untreated dental issue could constitute a serious medical condition. However, they dispute that there is any evidence they were deliberately indifferent to any serious dental condition Mr. Naylor allegedly suffered. There is no dispute that when Mr. Naylor submitted a health care request form seeking a dental cleaning, he received that treatment. Dr. Noll observed no serious dental issue and recommended that Mr. Naylor obtain

sensitive toothpaste to address the slight exposure of Mr. Naylor's tooth root. There is no dispute that Mr. Naylor did not submit any additional health care request forms related to symptoms of TMJ, headache, or other pain related to his dental health.

The Seventh Circuit has explained that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have [recommended the same] under those circumstances." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). However, a plaintiff may be able to "establish a departure from minimally competent medical judgment where a prison official persists in a court of treatment known to be ineffective." *Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016). And "[i]f a prison doctor chooses an easier and less efficacious treatment without exercising professional judgment, such a decision can also constitute deliberate indifference." *Id.* (internal citations and quotations omitted). Here, Dr. Noll provided routine medical care to Mr. Naylor and made reasonable treatment recommendations. There is no evidence that he deviated from professional norms or chose less-effective treatments without exercising professional judgment. Dr. Noll is therefore entitled to summary judgment.

Because Wexford acts under color of state law by contracting to perform a government function—providing healthcare services to inmates—it is treated as a government entity for purposes of 42 U.S.C. § 1983 claims. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 966 (7th Cir. 2019). A successful claim against Wexford therefore must be based on a policy, practice, or custom that caused a constitutional violation. *Id.*; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). There is no evidence in the record that Wexford maintained an unconstitutional policy, practice, or custom of denying appropriate dental treatment to inmates. Wexford is therefore entitled to summary judgment.

## IV.
## Conclusion

The defendants' motion for summary judgment, dkt. [26], is **granted**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/5/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN NAYLOR
128761
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com